# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL C. YANCHAK, individually and on behalf of all persons similarly situated, ) ) ) | |
| Plaintiffs, ) | Civil Action No. 2:13-cv-01831-MRH |
| ) | |
| v. ) | Judge Mark R. Hornak |
| ) | |
| CANNERY CASINO RESORTS, LLC and WASHINGTON TROTTING ASSOCIATION, INC., ) ) ) ) | ELECTRONICALLY FILED |
| ) | |
| Defendants. ) | |

## JOINT STIPULATION ON SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release is made and entered into by and between Plaintiff Michael C. Yanchak  ("Plaintiff") on behalf of himself and others similarly situated on the one hand, and Defendants Cannery Casino Resorts, LLC and Washington Trotting Associates, Inc. ("Defendants") on the other hand (collectively, the "Parties", individually a "Party").

THE PARTIES STIPULATE AND AGREE as follows:

DEFINITIONS

1.      The following terms shall have the meanings ascribed to them below:

a.      "Action" means the lawsuit captioned as MICHAEL C. YANCHAK, individually and on behalf of all persons similarly situated v. CANNERY CASINO RESORTS, LLC and WASHINGTON TROTTING ASSOCIATION, INC., United States District Court for the Western District of Pennsylvania, Civil Action No: 2:13-cv-01831-MRH.

b.      "Administration Costs" associated with the Settlement shall mean: all costs and expenses associated with class administration, excluding CAFA and the costs associated with gathering and providing names and last known addresses of the "Settlement Class" to the "Claims Administrator," if any, which are to be borne by Defendants.

       c.        "Authorized Claimant" means a Class Member who does not exclude himself or herself from the Settlement Class.

       d.        "Claims Administrator" means CPT Group, or such other claims administrator as may be mutually agreeable to the Parties.

       e.        "Class Counsel" means Stember Cohn & Davidson-Welling, LLC ("SCDW").

       f.        "Class Counsel Award" shall have the meaning ascribed to it in ¶ 18 below.

       g.        "Class Members" mean those individuals within the Settlement Class, each of whom is a "Class Member."

       h.        "Class Period" means July 1, 2010 through December 31, 2013.

       i.        "Class Representative" means Plaintiff Michael C. Yanchak.

       j.        "Court" means the United States District Court for the Western District of Pennsylvania.

       k.        The Court's "Preliminary Approval Order" means the preliminary order approving the Settlement, as more fully described in ¶ 25 below, and in substantially the form attached as Exhibit C, and as approved by the Court.

       l.        The Court's "Final Order and Judgment" means the Final Order Approving Class Action Settlement and Judgment, as more fully described in ¶ 27 below in substantially the form attached as Exhibit D, and as approved by the Court.

       m.        "Defendants" means Cannery Casino Resorts, LLC and Washington Trotting Association, Inc.

       n.        "Effective Date" shall have the meaning ascribed to it in ¶ 16(b) below.

       o.        "Maximum Settlement Amount" shall be as defined in ¶ 16(c) below.

       p.        "Net Settlement Amount" shall be as defined in ¶ 16(c) below.

q.      "Notice" means the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Final Court Approval, in substantially the form attached as Exhibit A, and as approved by the Court.

r.      "Objection Deadline" means the date that is forty-five 45 calendar days following the Notice mailing date.

s.      "Parties" means collectively Defendants and Plaintiff, each of whom is a "Party."

t.      "Plaintiff" means Plaintiff Michael C. Yanchak on behalf of himself and others similarly situated.

u.      "Released Claims" means all claims that were asserted in, arise out of, or could have arisen during the Class Period based on the facts alleged in the Complaint, including any and all applicable local, state, and federal law wage-and-hour claims including, but not limited to, contractual or common law claims for unpaid wages and/or overtime, claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., claims arising under the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, and rights, demands, liabilities and causes of action of every nature and description, whether known or unknown.  Notwithstanding the provisions of this paragraph, or any other paragraph of this Settlement, Released Claims shall not include (a) claims that arise after the Class Period; (b) claims that cannot be released by law; and (c) claims for accrued or vested rights under any welfare, pension, or other deferred income plan in which any Class Member is or was a participant while employed at the Meadows.

v.      "Released Parties" collectively means:  (i) Defendants Cannery Casino Resorts, LLC and Washington Trotting Association, Inc.; (ii) Defendants' respective past, present and future parents, subsidiaries, joint ventures, and affiliates; (iii) the past, present and future shareholders, directors, officers, members, managers, agents, employees, attorneys,

3

insurers, predecessors, successors and assigns of any of the foregoing; and (iv) any individual or entity which could be jointly liable with any of the foregoing.

    w.  "Request for Exclusion Form" means the Request for Exclusion Form in substantially the form attached as Exhibit B, and as approved by the Court.

    x.  "Service Payment" means, subject to Court approval, a maximum payment of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) to the Class Representative from the Maximum Settlement Amount.

    y.  "Settlement" or "Stipulation of Settlement" means this Joint Stipulation of Settlement and Release between Plaintiff and Defendants.

    z.  "Settlement Awards" means Settlement amounts paid by or on behalf of Defendants to eligible Class Members.

    aa.  "Settlement Class" means all current and former employees of Defendants who worked as Table Games Dealers (including poker dealers and dual-rate dealers) at the Meadows Racetrack and Casino ("Meadows") in Washington County, Pennsylvania during the Class Period.

## BACKGROUND

  2.  Plaintiff filed a Complaint in the Action on December 31, 2013, alleging that Defendants Cannery Casino Resorts, LLC and Washington Trotting Association, Inc. failed to compensate Meadows' Table Games Dealers for all time worked, at the minimum wage, regular rate, and/or overtime rate, as appropriate, due to Defendants' policy of rounding dealers' punch-times, and Table Games Department practices requiring dealers to perform pre-shift "off the clock" work and punch-in and be at their stations no later than 5 minutes before scheduled shift-start.  Plaintiff further alleged a breach of contract and that Cannery Casino Resorts, LLC and Washington Trotting Association, Inc. were unjustly enriched by their alleged failure to pay for

all hours Meadows' dealers worked during the Class Period due to these alleged policies and practices.

3.      The Parties engaged in settlement negotiations over several months, including mediation with a private mediator in accordance with the Local Rules of the U.S. District Court for the Western District of Pennsylvania.

4.      When mediation failed, the Parties began discovery and engaged in vigorous motions practice on Defendants' Motion to Dismiss, and Plaintiff's Motion for Conditional Certification and Notice to Potential Opt-Ins.

5.      After months of contested motions practice and the addition of eleven FLSA opt-in Party-Plaintiffs, the Parties resumed settlement discussions.

6.      In early 2015, the Parties revisited their respective positions and the information and data Plaintiff needed to properly evaluate the merits of these claims.  Following extensive discussions on the strengths of their respective positions, the Parties reached a class action settlement in arms-length negotiations.

7.      The Parties now enter into this Stipulation of Settlement for preliminary and final Court approval of the Settlement.

CLASS CERTIFICATION

8.      Solely for purpose of settling this case, the Parties stipulate and agree that the requisites for establishing class certification for the Settlement Class have been and are met.

9.      More specifically, for purposes of this Settlement only, the Parties stipulate and agree that:

        a.      The Settlement Class is ascertainable and so numerous that it is impracticable to join all Class Members.

b.      There are common questions of law and fact including, but not limited to, whether Defendants complied with applicable laws affecting Plaintiff and Class Members regarding unpaid wages and overtime, penalties, and statutory interest.

c.      Plaintiff's claims are typical of the claims of the members of the Settlement Class.

d.      Plaintiff will fairly and adequately protect the interests of the Settlement Class, and Stember Cohn & Davidson-Welling, LLC, should be deemed and appointed as Class Counsel and will fairly and adequately protect the interests of the Settlement Class.

e.      The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

f.      Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual Class Member, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

10.     This Settlement is not an admission of any liability or wrongdoing by Defendants or any Released Party.  Defendants, on their own behalf and on behalf of the Released Parties, specifically deny liability or wrongdoing of any kind whatsoever for the claims alleged in the Action, and stipulate, only for purposes of settling the Action, that the Action is appropriate for class or representative treatment.  As for Plaintiff's claims, Defendants contend, among other things, that they have complied with all applicable state, federal and local laws affecting Plaintiff and other Class Members regarding unpaid wages, overtime, and penalties.

11.     The Parties desire to fully, finally and forever settle, compromise, and discharge all Released Claims.  To achieve a full and complete release of all Released Claims against Defendants and other Released Parties, each Class Member acknowledges that this Stipulation of Settlement is intended to include in its effect all Released Claims reasonably arising during the

Class Period out of or that could have arisen out of the allegations made in the Action, except as provided herein.

12.     It is the intention of the Parties that this Stipulation of Settlement shall constitute a full, final, and complete settlement and release of all Released Parties with respect to all Released Claims.

13.     Class Counsel have thoroughly investigated the facts of the Action, including an extensive review of relevant documents and data, and have diligently investigated Class Members' claims.  Based on their independent investigation and evaluation, Class Counsel have concluded that the Settlement is fair, reasonable and adequate and in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, the potential that class certification may not be granted, the defenses asserted by Defendants, and numerous potential appellate issues.  Defendants and Defendants' counsel also agree that the Settlement is fair and in the best interest of the Settlement Class.

14.     The Parties agree to cooperate and take all steps necessary and appropriate to consummate this Settlement and to dismiss this case with prejudice after all Settlement sums have been paid out in accordance with this Stipulation of Settlement.

15.     This Stipulation of Settlement provides for a "checks mailed" settlement, in which all Class Members who do not submit a valid and timely Exclusion form will be mailed a Settlement Award. Settlement Awards will be allocated from the Net Settlement Amount. Defendants' aggregate maximum total payment under the Settlement, inclusive of all amounts for all claims, attorneys' fees and costs, Service Payment, one half of all Administration Costs, employee portion of payroll taxes on the wage portion of the Settlement Awards, and any and all other payments provided by this Settlement, is Three Hundred and Fifty Thousand Dollars and No Cents ($350,000.00) as set forth in ¶ 16(d) below ("Maximum Settlement Amount").  It is further understood and agreed by the Parties that the following amounts shall be paid from the

Maximum Settlement Amount: (a) Settlement Awards to all Class Members who do not submit an Exclusion Form; (b) a Service Payment to the Class Representative as approved by the Court; (c) 1/2 of the Administration Costs; (d) the employee's share of payroll taxes on the wage portion of the Settlement Awards; (e) attorney's fees and costs to Class Counsel; and (f) any other payments approved by the Court and provided by this Settlement.  By virtue of the Settlement and in connection with the Action, Defendants and the other Released Parties shall have no obligation to pay any person or entity any amounts beyond the Maximum Settlement Amount, except as provided herein.

<u>TERMS OF SETTLEMENT</u>

16.     NOW THEREFORE, in consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

a.     <u>Settlement All-Inclusive</u>: It is agreed by and among Plaintiff and Defendants that the Action and any claims, damages or causes of action of any kind arising during the Class Period out of the disputes that are the subject of or reasonably related to this Action, be settled and compromised as between the Settlement Class on the one hand and Defendants and the Released Parties on the other hand, subject to the terms and conditions set forth in this Stipulation of Settlement and Court approval.  This Settlement shall bind Class Members, Defendants and their respective counsel, subject to the terms and conditions hereof and Court approval.

b.     <u>Effective Date</u>:  The Settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred ("Effective Date"):  (i) this Stipulation of Settlement is executed by all Parties, Class Counsel and Defendants' Counsel; (ii) the Court preliminarily approves the Settlement; (iii) Notice has been sent to the Settlement Class, providing Class members with an opportunity to opt out of or object to the Settlement; (iv) the Court has held a formal fairness hearing and entered the Court's Final Order and Judgment;

8

and (v) in the event of written objections filed prior to the formal fairness hearing that are not later withdrawn, the later of the following events: (A) when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; (B) when any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (C) when any appeal, writ or other appellate proceeding has upheld the Court's Final Order and Judgment with no right to pursue further remedies or relief. It is the intention of the Parties that the Settlement shall not become effective until the Court's Final Order and Judgment is completely final, and there is no further recourse by any appellant or objector who seeks to contest the Settlement.  It is further agreed by the Parties that this Settlement shall not become effective if Defendants or the other Released Parties are required to pay to any person or entity any amounts beyond those contemplated by this Agreement as a condition of approving the Settlement, unless the Parties otherwise agree in writing.

       c.      <u>Injunctive Relief</u>:  Defendants deny that the wage and hour violations alleged in the Complaint ever occurred, and affirm that no such violations are occurring at present.  Defendants agree to amend the Meadows' employee handbook to include language stating, "Employees are never required or encouraged to work off the clock.  If an employee has any question or concern regarding his/her pay the employee shall bring that question to Human Resources who will promptly investigate the employee's concern."  The revised handbook will be given to all current Meadows' employees.

       d.      <u>Maximum Settlement Amount and Net Settlement Amount</u>:  To implement the terms of this Settlement, Defendants agree to pay Three Hundred Fifty Thousand Dollars and No Cents ($350,000.00) for the "Maximum Settlement Amount," and to provide this amount to the Claims Administrator for distribution to the Class within five (5) business days after the Effective Date.  All Settlement Awards to Class Members, the Service Payment to the

Class Representative, attorneys' fees and costs to Class Counsel, Class Members' portion of payroll taxes on the wage portion of the Settlement awards, and one half of all Administration Costs shall be paid from the Maximum Settlement Amount.  The other half of the Administration Costs, as well as the employer's share of all taxes, shall be the responsibility of and separately paid by Defendants.  The Net Settlement Amount will be calculated by deducting all attorneys' fees, costs, the Service Payment, and one half of all Administration Costs from the Maximum Settlement Amount.   Settlement Awards to Class Members who do not file valid timely Exclusion Forms will be calculated by the Claims Administrator and approved by Class Counsel.

    e. <u>Settlement Awards to Class Members</u>:  Each Authorized Claimant will receive a proportionate amount of the Net Settlement Amount based on the percentage of shifts he/she worked of the total amount of shifts worked by the entire Settlement Class during the Class Period.   Class Members worked an estimated 219,856 shifts during the Class Period. Accordingly, it estimated that each Authorized Class Member will receive a gross (pre-income tax and pre-payroll tax) amount of approximately $.95 per shift.  Based on an average hourly wage of the Settlement Class of $7.48, each Settlement Award will equate to approximately 8 minutes of work for each shift worked by an Authorized Claimant during the Class Period.  The number of shifts, percentages and award amounts will be determined by reference to Defendants' records, which will be presumed to be correct unless written evidence to the contrary is timely submitted to the Claims Administrator.   Defendants will pay out the entirety of the Net Settlement Amount through the Claims Administrator; provided, however, that if 10% or less of the Authorized Claimants fail to cash their checks within one hundred twenty (120) days following the issuance of said checks, such amounts shall be donated to Community Action Southwest, a nonprofit working to end poverty in Washington County, Pennsylvania. If more than 10% of the checks remain uncashed after one hundred twenty (120) days, these amounts will be redistributed to the Class on a pro-rata basis.  Settlement checks shall state that they must

be cashed within one hundred twenty (120) days from the date issued or they will become void. The Settlement Administrator will provide the Parties with an identification of the checks returned as undeliverable or not cashed within 120 days, and the amounts thereof.

    f.  Settlement Awards for each Class Member who does not submit a valid Exclusion Form will be allocated from the Net Settlement Amount and paid as follows:  1/2 will be allocated to alleged unpaid wages for which IRS Forms W-2 will issue; and 1/2 will be allocated to alleged unpaid penalties and interest for which IRS Forms 1099-MISC will issue.

    i.  <u>Settlement Awards Do Not Trigger Additional Benefits</u>:  All Settlement Awards to Class Members shall be deemed to be income to such Class Members solely in the year in which such awards actually are received by the Class Members.  It is expressly understood and agreed that the receipt of such Settlement Awards will not entitle any Class Member to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Class Member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits.  It is the intent of this Settlement that the Settlement Awards provided for in this Agreement are the sole payments to be made by Defendants to the Class Members in connection with this Settlement, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the Settlement Awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

    ii.  <u>Class Representative</u>:  Subject to Court approval, Defendants agree to pay the Class Representative, on behalf of the Released Parties, a Service Payment of up to Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) for his service as Class Representative.   The Service Payment shall be part of the Maximum Settlement Amount. Defendants will not object to Class Counsel's application for Court approval of the Service

Payment to Plaintiff.   It is understood the Service Payment is in addition to any claimed individual Settlement Award to which Plaintiff or other claiming Class Members are entitled. The Claims Administrator will issue to the Class Representative an IRS Form 1099 for the Service Payment, and the Class Representative will be solely responsible for characterizing the Service Payment for tax purposes and paying any taxes on the amounts received.   The Claims Administrator shall pay the Service Payment approved by the Court within Twenty-One (21) calendar days after the Effective Date.   Should the Court approve the Service Payment to the Class Representative in an amount less than Seven Thousand Five Hundred Dollars and No Cents ($7,500.00), the difference between the lesser amount approved by the Court and the total of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) shall remain part of the Net Settlement Amount.

iii.      Exclusion Forms:   The Claims Administrator will mail to each Class member a Notice and Exclusion Form containing pre-printed information based on Defendants' records and that will indicate the approximate Settlement Award the Class Member would receive if s/he does not exclude him/herself from the Settlement.   Defendants' records shall be presumed to be correct, unless proof to the contrary is timely submitted to the Claims Administrator.   A Class Member may challenge the pre-printed information on the Exclusion Form by submitting evidence to the Claims Administrator within Forty Five (45) days of receiving the Notice and Exclusion Form.   All disputes will be resolved and decided by the Claims Administrator, whose decision on all disputes will be final, binding and non-appealable. Each Exclusion Form must be completed in its entirety to be considered valid, unless there is good cause or the Parties agree otherwise.

iv.      Defendants' Option Relative to Authorized Claimants:   If more than 10 percent (10%) the total number of Settlement Class Members submit valid Exclusion Forms or object to the Settlement, Defendants will have the option at their discretion of rejecting

12

the Settlement in its entirety; provided, however, that Defendants must exercise this option within seven (7) days after receiving notice from the Settlement Administrator that the threshold ten per cent (10%) has been reached.  In the event Defendants exercise this option and reject the Settlement, Defendants will be responsible for the Administration Costs.

CLAIMS ADMINISTRATION

17.     The Claims Administrator will mail a Notice and Exclusion Form to each Class Member.  The Claims Administrator will review each Exclusion Form and pre-printed data, based on Defendants' records and, as appropriate, calculate or recalculate amounts due to a Class Member in accordance with this Stipulation of Settlement.  The Claims Administrator shall report in writing to the Parties on the substance of its findings on the amounts to be paid, the steps taken to notify and pay the Settlement Class, and the results of the notice/administration process, and the Claims Administrator, along with Class Counsel (who shall receive Class data without social security numbers) shall be granted reasonable access to Defendants' records to perform their duties.  At the request of the Parties and upon receipt of funds from Defendants, the Claims Administrator shall issue and mail the Settlement Award checks to Class Members within twenty-one (21) calendar days after the Effective Date.  Tax treatment of Settlement Awards will be as set forth herein, and in accordance with state and federal tax laws; provided, however, Plaintiff and other Class Members acknowledge that neither the Released Parties nor Defendants' counsel has provided or is providing any tax advice.  All Administration Costs shall be paid within twenty-one (21) calendar days after the Effective Date.  All disputes between the Parties relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out.

ATTORNEYS' FEES AND COSTS

18.     In consideration for settling this matter and in exchange for the release of claims by the Settlement Class, and subject to final approval or modification by the Court, Defendants agree not to oppose or impede any application or motion by Class Counsel for Attorneys' Fees of not more than Thirty-Three and One-Third Percent (33.3%) of the Maximum Settlement Amount, plus reimbursement of costs and expenses associated with Class Counsel's litigation and settlement of the Action, both of which will be paid from the Maximum Settlement Amount. Attorneys' fees and costs approved by the Court shall be distributed to Class Counsel by the Claims Administrator within twenty-one (21) calendar days after the Effective Date.

NOTICE TO THE SETTLEMENT CLASS

19.     Notice of this Settlement shall be delivered via U.S. Mail, postage-prepaid, to the last known mailing address of each Class Member.

a.     U.S. Mail.  The Notice and Exclusion Form shall be sent by the Claims Administrator to Class Members by first class mail based on the following procedure.  Any returned envelopes from this mailing with forwarding addresses will be used by the Claims Administrator to forward the Notice and the Exclusion Form to Class Members.

i.     Within fourteen (14) calendar days of preliminary approval of this Settlement by the Court, Defendants shall provide the Claims Administrator and Class Counsel with a spreadsheet with each Class Member's name, last-known address, Social Security number, payroll and attendance data necessary to calculate his/her Settlement Award, status as a current or former employee, and estimated Settlement Award.  The Parties agree that each Class Member's name, last-known address, Social Security number, and any other Settlement class data will be used by the Claims Administrator and Class Counsel for the sole purpose of effectuating the Settlement.  The spreadsheet(s) shall be based on Defendants' payroll and/or

personnel records, and in a format reasonably acceptable to the Claims Administrator.   Upon request by the Claims Administrator or Class Counsel, Defendants shall check and/or confirm the accuracy of the information provided for any individual.   Defendants agree to consult with the Claims Administrator prior to the production date to ensure that the format is acceptable. The Claims Administrator will run a check of the Class Members' last-known addresses against those on file with the U.S. Postal Service's National Change of Address List and update individual Class Member addresses, as appropriate.   Within twenty-eight (28) calendar days of preliminary approval of this Settlement by the Court, the Claims Administrator will mail the Notice and the Exclusion Form to Class Members.   Class Members will have forty five (45) calendar days in which to postmark and/or fax his/her Exclusion Form or request for exclusion or to postmark and/or fax objections to the Stipulation of Settlement.

ii.       Notices and Exclusion Forms returned to the Claims Administrator as non-delivered shall be resent to the forwarding address, if any, on the returned envelope.   If there is no forwarding address, the Claims Administrator will do one computer search for a new address using the Class Member's Social Security number.   Said search will be performed by the Claims Administrator one time for each Notice and Exclusion Form returned without a forwarding address per Class Member.   If Notices and Exclusion Forms are returned as non-delivered, the Claims Administrator will do a skip trace to locate a correct address.   If the Claims Administrator is unable to locate a correct address, the Claims Administrator will contact counsel for Defendants and Class Counsel, who will confer and determine if there are other means by which a correct address can be reasonably obtained. The Claims Administrator shall resend the Notice and Exclusion Form upon obtaining any updated address.   Upon completion of these steps by the Claims Administrator, Defendants and the Claims Administrator shall be deemed to have satisfied their obligations to provide the Notice and Exclusion Form to the affected Class Member, and, regardless of whether the affected Class Member actually receives the Notice and

Exclusion Form, the affected Class Member shall remain a member of the Settlement Class and shall be bound by all the terms of the Settlement and the Court's Final Order and Judgment.

       iii.  Class Counsel shall provide to the Court, at least fifteen (15) calendar days before the final fairness hearing, a declaration by the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Notice and the Exclusion Form.

   20.  Class Counsel shall provide notice of this Settlement via publication through a link on the SCDW website.  The website notice shall state the following or substantially similar language, and may be updated to reflect the fact and date of any court approval of the Settlement:

> Settlement in Wage and Hour Class Action Brought By Table Games Dealers At The Meadows Casino.

> Stember Cohn & Davidson-Welling ("SCDW") has reached a class action settlement with the Meadows Casino in Washington PA, on behalf of table games dealers at the Casino in Yanchak v. Cannery Casino Resorts, LLC., a wage and hour case brought under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act.

> The Class Representative, a former dealer, sued The Meadows Casino in December 2013, claiming that he and other dealers had not been paid for work they were required to perform at the start and end of each shift.  Under the settlement, which must be approved by the court, the Meadows will pay $350,000 to resolve the case.

> The Meadows Casino and all of its related entities specifically denied wrongdoing of any kind and contended, among other things, that it complied with all applicable state, federal and local laws affecting the Class regarding unpaid wages, overtime, and penalties.

> Once the court approves settlement, Class members will receive payment from the settlement fund.  The amount of each payment will be based on the number of shifts the dealer worked during the period covered by the lawsuit.  SCDW anticipates that payments should issue during the first half of 2016.

> SCDW attorneys Maureen Davidson-Welling, Jon K. Cohn, and John Stember are Class Counsel.

> If you are a Class member or have any questions please call us at 412 338 1445 or email us info@stembercohn.com

> To see a copy of the settlement agreement, click here.

<u>EXCLUSION PROCESS</u>

   21.  Each Class Member will have until forty five (45) calendar days from the Notice

mailing date to postmark or fax his/her Request for Exclusion to the Claims Administrator. The Claims Administrator will not send any reminder notices to Class Members about the exclusion process. No Request for Exclusion will be honored if postmarked or faxed after the forty five (45) calendar-day period. Class Members are responsible to maintain a photocopy of the Request for Exclusion and record of proof of mailing. Unless a timely and valid Request for Exclusion is filed consistent with the terms of this Stipulation of Settlement, the Class Member shall be bound by this Stipulation of Settlement and the Settlement Class release. The Parties agree to meet and confer if one of them believes that the intent of a particular Request for Exclusion is ambiguous, and may mutually agree to accept such Request for Exclusion for good cause shown; ambiguous does not mean untimely Requests for Exclusion.

<u>OBJECTION PROCESS</u>

22.     A Class Member may object to this Settlement by filing with the Court no later than the Objection Deadline a notice of objection, signed by the Class Member or his/her counsel, stating the Class Member's: (i) name; (ii) current address; (iii) telephone number; (iv) dates of employment with Defendants; (v) last 4-digits of his/her Social Security number; and (vi) basis of the objection. The objecting Class Member must also serve a copy of his/her notice of objection on counsel for the Parties and the Claims Administrator by the Objection Deadline. The postmark date of the filing and the postmark/fax/email date for service shall be deemed the exclusive means for determining that the notice of objection is timely. The Claims Administrator will not send any reminder notices to Class Members about the objection process. Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections, and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. Class Members who file and serve timely notices of objection will have a right to appear at the Court hearing on final approval of the Settlement and have their objections heard. At no time shall any of the Parties or their counsel seek to solicit or

17

encourage Class Members to submit written objections to the Settlement or appeal from the Court's Final Order and Judgment; however, this provision is not intended to and does not restrict Class Counsel from explaining the terms of Settlement to any Class Member, including his/her right to object or request exclusion.    Class Counsel shall not represent any Class Members in connection with any such objections to this Settlement.

<u>RELEASE OF CLAIMS</u>

23.    Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member who has not submitted a valid Request for Exclusion, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully released and discharged Defendants and each of the Released Parties for and from all Released Claims.  In addition, as of the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member who has not submitted a valid Request for Exclusion will be forever barred from commencing, instituting, prosecuting, and obtaining relief on each and every Released Claim against any and all Released Parties.

24.    The Notice mailed to the Settlement Class will specifically set forth the claims being released.

<u>DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL</u>

25.    Within twenty-one (21) calendar days from execution of this Stipulation of Settlement, Plaintiff's Counsel shall file a Motion for Preliminary Approval of Class Action Settlement, submit this Stipulation of Settlement, and request a determination by the Court as to the Settlement's fairness, adequacy, and reasonableness.  Class Counsel shall apply to the Court for the entry of the Preliminary Approval Order substantially in the following form and like Exhibit C, attached, to:

a.    Schedule a fairness hearing on whether the proposed Settlement, including payment of attorneys' fees and costs, Administration C, and the Service Award should be finally

18

approved as fair, reasonable, and adequate as to the members of the Settlement Class;

        b.    Certifying the Settlement Class, Plaintiff as Class Representative and Stember Cohn & Davidson-Welling, LLC as Class Counsel;

        c.    Approving as to form and content the proposed Notice attached hereto as Exhibit A;

        d.    Approving as to form and content the proposed Exclusion Form attached hereto as Exhibit B;

        e.    Approving the manner and method for Class Members to request exclusion from the Settlement as contained herein and within the Notice;

        f.    Directing the mailing of the Notice and the Exclusion Form by first class mail to the Class Members;

        g.    Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court; and

        h.    Enjoining Plaintiff and all Class Members from filing or prosecuting any other cases, claims, suits or administrative proceedings regarding claims released by the Settlement unless and until such Class Members have filed valid Requests for Exclusion with the Claims Administrator.

26.    To effectuate the Settlement, the Parties agree that all formal and informal discovery shall be stayed pending Court approval of the Settlement.  The Parties also agree that all Court deadlines be continued pending preliminary approval of the Settlement.

<u>DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL</u>

27.    Following final approval by the Court of the Settlement provided for in this Stipulation of Settlement, Class Counsel will submit a proposed Court's Final Order and Judgment in substantially the form attached as Exhibit D:

        a.    Approving the Settlement, adjudging the terms to be fair, reasonable and

adequate, and directing consummation of its terms and provisions;

b.     Approving Class Counsel's application for an award of attorneys' fees and costs not to exceed the maximum amount set forth herein;

c.     Approving the Service Payment to the Class Representative not to exceed the maximum amount set forth herein;

d.     Entering judgment on the Action, and permanently barring and enjoining all members of the Settlement Class who have not requested exclusion from prosecuting against the Released Parties any individual or class or collective claims released pursuant to ¶ 23 above, upon satisfaction of all payments and obligations hereunder.

e.     The Class Representatives and Class Counsel agree to locate and return all originals, and to take reasonable steps to locate and destroy any electronic copies, of the Released Parties' company and employee documents, lists and electronic data in all forms and formats that Defendants produce or make available in connection with implementation of the Settlement within one hundred and eighty (180)  calendar days from the Effective Date, or one hundred and twenty (120) days from the date that the Claims Administrator provides notice to Class Counsel that all distributions pursuant to the Settlement have been completed, whichever is later.  Notwithstanding the foregoing, Class Counsel shall be entitled to retain a copy of all pleadings, briefs, exhibits, declarations, appendices, or transcripts in this case, irrespective of whether they contain such information.

## PARTIES' AUTHORITY

28.     The signatories hereto represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties to the terms and conditions thereof.

## MUTUAL FULL COOPERATION

29.     The Parties agree to fully cooperate in good faith with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such

documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.   The Parties further agree, subject to Court approval, to reasonable extensions of the time to carry out the provisions of the Settlement.  The Parties shall use their reasonable best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and its terms.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

<u>NO PRIOR ASSIGNMENTS</u>

30.     The Parties and their respective counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

<u>NO ADMISSION</u>

31.     Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any Released Parties.   Each of the Parties has entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

<u>ENFORCEMENT</u>

32.     The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties, Class Members, and Claims Administrator to interpret and enforce the terms, conditions, and obligations under this Settlement.

## NOTICES

33.     Unless otherwise specifically provided herein, all notices, application for court approval, or application for court order, or other communications given under this Settlement, shall be in writing and delivered personally, or mailed by certified mail or overnight courier with confirmed delivery, with copies by facsimile or email, to the attention of Class Counsel or Defendants' Counsel (and any other recipient the Court may specify).  As of the date hereof, the respective representatives are:

> To Plaintiff and Settlement Class:
>
> > Maureen Davidson-Welling
> > Stember Cohn & Davidson-Welling, LLC
> > The Hartley Rose Building
> > 425 First Avenue, 7th Floor
> > Pittsburgh, PA  15219
> > Email: mdw@stembercohn.com
>
> To Defendants:
>
> > Marla N. Presley
> > Jackson Lewis LLP
> > One PPG, 28th Floor
> > Pittsburgh, PA  15222
> > Email: Marla.Presley@jacksonlewis.com

## CONSTRUCTION

34.     The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her or its counsel participated in drafting it.

## CAPTIONS AND INTERPRETATIONS

35.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this

Stipulation of Settlement or any provision of it.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

MODIFICATION

36.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

INTEGRATION CLAUSE

37.     This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, are hereby superseded.  No rights hereunder may be waived except in writing.

BINDING ON ASSIGNS

38.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns; provided, however, that a Party's rights and obligations hereunder may not be assigned or delegated without the express prior written consent of the other Parties.

CLASS MEMBER SIGNATORIES

39.     It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement.  The Notice will advise all Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Class Member.

## COUNTERPARTS

40.     This Stipulation of Settlement may be executed in counterparts and by facsimile signatures, and when each Party has signed and delivered at least one such counterpart, each counterpart, including email and PDF versions, shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement binding upon and effective as to all Parties.

## PUBLIC COMMENT

41.     Class Counsel and the Class Representative shall not issue a press release or initiate contact with the press concerning the Settlement, but Class Counsel and the Class Representative are and shall be entitled to respond to inquiries by the media or general public concerning the Settlement, if any.  Such comments shall be consistent with a statement to the effect of:  "This dispute was vigorously litigated by Mr. Yanchak and Washington Trotting.  The settlement results from arms'-length negotiations.  Stember Cohn & Davidson-Welling believes the outcome is fair and reasonable for all those covered by the settlement."

## NO ADVERSE OR RETALIATORY ACTION

42.     Defendants will not take any adverse or retaliatory action against any current employee who is a member of the Settlement Class or the Class Representative, which includes, but is not limited to, refusing to re-employ the Class Representative, because of his participation in the Action.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Stipulation of Settlement as of the date(s) set forth below:

**Plaintiff and Class Representative**

DATED:   *2/26/2016*

PLAINTIFF MICHAEL YANCHAK

By: _____

Michael C. Yanchak


**Class Counsel**

DATED:   _____

STEMBER COHN & DAVIDSON-WELLING, LLC

By: _____

Maureen Davidson-Welling, Esquire
Attorney for Plaintiff and Class Counsel


**Defendants**

DATED: _____

CANNARY CASINO RESORTS, LLC.

By: _____

DATED: _____

WASHINGTON TROTTING ASSOCIATION, INC.

By: _____

**Defendants' Counsel**

DATED: _____

JACKSON LEWIS P.C.

By: _____

Marla N. Presley, Esquire
Attorney for Defendants

4817-9892-1769, v. 1

**Plaintiff and Class Representative**


DATED:  _____          PLAINTIFF MICHAEL C. YANCHAK

                                     By: _____
                                         Michael C. Yanchak


**Class Counsel**

DATED:     *Feb 26, 2016*            STEMBER COHN & DAVIDSON-WELLING,
                                     LLC

                                     By: _____
                                         Maureen Davidson-Welling, Esquire
                                         Attorney for Plaintiff and Class Counsel

**Defendants**

DATED: _____          CANNERY CASINO RESORTS, LLC.


                                     By: _____


DATED: _____          WASHINGTON TROTTING ASSOCIATION,
                                     INC.


                                     By: _____

**Defendants' Counsel**

DATED: _____          JACKSON LEWIS P.C.


                                     By: _____
                                         Marla N. Presley, Esquire
                                         Attorney for Defendants

**Plaintiff and Class Representative**

DATED: _____         PLAINTIFF MICHAEL C. YANCHAK

By: _____
     Michael C. Yanchak

**Class Counsel**

DATED: *Feb 26, 2016*         STEMBER COHN & DAVIDSON-WELLING, LLC

By: _____
     Maureen Davidson-Welling, Esquire
     Attorney for Plaintiff and Class Counsel

**Defendants**

DATED: 3/7/2016         CANNERY CASINO RESORTS, LLC.

By: _____

DATED: 3/7/2016         WASHINGTON TROTTING ASSOCIATION, INC.

By: _____

**Defendants' Counsel**

DATED: 3/7/2016         JACKSON LEWIS P.C.

By: _____
     Marla N. Presley, Esquire
     Attorney for Defendants