**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL C. YANCHAK, individually and on behalf of others similarly situated, <br><br>                 Plaintiff, <br>     v. <br><br> CANNERY CASINO RESORTS, LLC and WASHINGTON TROTTING ASSOCIATION, INC., <br><br>                 Defendants. | Civil Action No. 2:13-cv-01831-MRH <br><br> Judge Mark R. Hornak <br><br> Class and Collective Action <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S CONSENTED-TO MOTION FOR
FINAL APPROVAL OF THE CLASS SETTLEMENT, FINAL CLASS
CERTIFICATION, THE AWARD OF A SERVICE AWARD TO THE NAMED
PLAINTIFF, THE REIMBURSEMENT TO CLASS COUNSEL OF THEIR COSTS AND
EXPENSES, AND THE AWARD OF REASONABLE FEES TO CLASS COUNSEL**

Plaintiff Michael C. Yanchak ("Plaintiff" or "Named Plaintiff"), by his undersigned counsel, moves this Court, with the consent of Defendants, for an order granting final approval of the class action settlement as set forth in the parties' Joint Stipulation of Settlement and Release ("Settlement Agreement") and attached exhibits.[1]

Plaintiff filed a Complaint on December 31, 2013, alleging that Defendants failed to compensate him and Class Members employed as Table Games Dealers (including dual-rate dealers) at the Meadows Racetrack and Casino (the "Meadows") for all of the time that they actually worked, at minimum wage, or their regular and/or overtime rate, as appropriate, due to Defendants' policy of rounding dealers' punch-times, and Table Games Department practices that required dealers to perform pre- and post-shift work "off the clock". Plaintiff further alleged

---

[1] All defined terms have the same meaning set forth in the in the Parties' Settlement Agreement. For ease of reference, those definitions are occasionally repeated herein.

breach of contract and unjust enrichment by Defendants' alleged failure to pay for all hours Meadows' dealers actually worked within the Class Period due to the policies and practices complained of.

The Parties engaged in settlement negotiations over several months, including mediation with a private mediator, in accordance with the Local Rules of this Court.  When mediation failed, the Parties engaged in discovery and vigorous motions practice on Defendants' Motion to Dismiss (Dkt. 22) and Plaintiff's Motion for Conditional Certification and Notice to Potential Opt-Ins (Dkt. 29).

On April 28, 2016, this Court entered an Order preliminarily approving the proposed settlement, certifying the settlement class subject to notice and opportunity to object, and authorizing notice to be issued to Class Members (Dkt. 68).  On or about June 9, 2016, the settlement administrator retained by the parties sent Notice to all Class Members informing them of their right to opt out of or object to the settlement.

Plaintiff hereby moves for Order of Final Certification of the Settlement Class and Final Approval of the Class Action Settlement, the Approval of Attorneys' Fees and Reimbursement of Expenses, and for a Class Representative Service Award as set forth in the proposed Final Order, including:

(a)     Final approval of the settlement memorialized in the Settlement Agreement at Dkt. 65-01 and hold that the settlement meets the requirements for settlement approval under Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975). Application of the pertinent Girsh factors establishes that the proposed settlement is fair, reasonable and adequate for the Class and should be approved for the reasons set forth in the Parties' proposed Final Approval Order.

(b)     That this Court find: (1) that the Court-approved Notice was sent by first-class mail to each class member at his or her last known address, and returned notices were re-mailed; (2) the Notice fairly and adequately advised Class Members of the terms of settlement, as well as their right to opt out of the class, to object to settlement, and to appear at the fairness hearing; (3) Class Members were provided the best notice practicable under the circumstances; and (4) that the Notice and its distribution comported with all constitutional requirements, including those of due process.

(c)     That this Court determine that this action was properly certifiable as a class action under Fed.R.Civ.P. 23 for a Class defined as:

> All current and former employees of Cannery Casino Resorts, LLC and Washington Trotting Association, Inc., who worked as Table Games Dealers (including poker dealers and dual rate dealers) at the Meadows Racetrack and Casino in Washington County, Pennsylvania from July 1, 2010 through December 31, 2013.

(d)     That this Court award Class Counsel's request for fees in the amount of $116,550. The Court finds that the amount of fees requested is fair and reasonable. The time and effort that Class Counsel devoted to this case, more than 558 hours of attorney time over two years, weigh in favor of the requested fees. Class Counsel also requests that this Court award them reimbursement of their litigation expenses in the amount of $116,550, which the Court deems to be reasonable.

(e)     That this Court find reasonable the requested reimbursement of $4,943.80 to Class Counsel for expenses and approve service award of $7,500 to the Class Representative in recognition of the services that he provided to the Class, including the risks and publicity he incurred. These amounts shall be paid from the Settlement Amount.

(f)     That this Court retain jurisdiction over this action for the purpose of enforcing the Settlement Agreement and order that the parties abide by all other terms of the Settlement Agreement and this Order.

For the reasons set forth in Plaintiff's Memorandum of Law filed in support of this motion, Class Counsel moves this Court to grant final approval of the class action settlement in the form of the proposed order submitted herewith, award Class Counsel their requested attorneys' fees and expenses, award a Service Award to the Named Plaintiff, and such other relief as the Court deems proper.

Respectfully submitted,

Dated:  September 20, 2016

/s/Jonathan K. Cohn
Jonathan K. Cohn, Esquire
PA ID No. 92755
jcohn@stembercohn.com
Maureen Davidson-Welling, Esquire
PA ID No. 206751
mdw@stembercohn.com
John Stember, Esquire
PA ID No. 23643
jstember@stembercohn.com
**STEMBER COHN & DAVIDSON-WELLING, LLC**
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA  15219
T.: (412) 338-1445
F.: (412) 338-1446

*Attorneys for Plaintiff and the Class*