IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. YANCHAK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CANNERY CASINO RESORTS, LLC and WASHINGTON TROTTING ASSOCIATION, INC.,<br><br>Defendants. | Civil Action No. 2:13-cv-01831-MRH<br><br>Judge Mark R. Hornak<br><br>Class and Collective Action<br><br>**JURY TRIAL DEMANDED** |

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT

This matter coming before the Court for Final Approval, the Court having considered Plaintiff's Consented-to Motion for Final Approval of the Class Settlement, Final Class Certification, the Award of a Service Award to the Named Plaintiff, the Reimbursement to Class Counsel of Their Costs and Expenses, and the Award of Reasonable Fees to Class Counsel, and supporting papers, and after affording Class Members the opportunity to comment, including at the Final Approval Hearing held on October 6, 2016, IT IS HEREBY ORDERED:

1. The definitions in the parties' Joint Stipulation of Settlement and Release ("Settlement Agreement") are incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement).

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Notice was issued to the Settlement Class in accordance with the terms of the Settlement Agreement and as ordered and approved in the preliminary approval order dated April 28, 2016. It is further found that the Notice was the best practicable notice under the

circumstances, was accomplished in all material respects and fully met the requirements of due process.

4. Pursuant to Fed.R.Civ.P. 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by the case. No Class Member submitted an objection to the Settlement Agreement. The following persons submitted valid Requests for Exclusion from the settlement and are hereby excluded from the Class:

    a. Drew Shaulis;
    b. Diane Vith;
    c. John Leas; and
    d. Scott Traverso.

5. Pursuant to Fed.R.Civ.P. 23(b)(3) and the findings in the preliminary approval order, the following Class (the "Class") is finally certified:

> All current and former employees of Cannery Casino Resorts, LLC and Washington Trotting Association, Inc., who worked as Table Games Dealers (including poker dealers and dual rate dealers) at the Meadows Racetrack and Casino in Washington County, Pennsylvania from July 1, 2010 through December 31, 2013.

6. It is found, for the reasons set forth in the preliminary approval order, that certification of the Class is appropriate in that: (a) the Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff Michael C. Yanchak's claims are typical of the claims of the Class; (d) Plaintiff Michael C. Yanchak and his attorneys will fairly and adequately protect the interests of the Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

7. Plaintiff Michael C. Yanchak was appointed as the Representative of the Class and it is found that he meets the requirements of Fed. R. Civ. P. 23(a)(4).

2

8. The following attorneys were appointed as Class Counsel and it is found that they meet the requirements of Fed. R. Civ. P. 23(g):

> John Stember, Esquire
> Jonathan K. Cohn, Esquire
> Maureen Davidson-Welling, Esquire
> Stember Cohn & Davidson-Welling, LLC
> The Hartley Rose Building, 7th Floor
> 425 First Avenue
> Pittsburgh, PA 15219

9. In evaluating whether the settlement is fair and reasonable to the Class, the Court considered the factors set forth in Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1995). After consideration of the aforementioned factors and others, and after notice to the Class of the proposed settlement and a hearing on final approval, the Court finds that the settlement is fair, adequate, and reasonable and in the best interests of the Class. The Settlement Agreement is hereby approved and the Parties are ordered to proceed to consummate the settlement in accordance with the terms and provisions of the Settlement Agreement.

10. Class Counsel's application for attorneys' fees in the amount of $116,550, and for reimbursement of expenses of $ $4,943.80, are hereby approved. Such award is reasonable in light of the effort and resources expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained. These amounts shall be paid in accordance with the terms of the Settlement Agreement.

11. In recognition of his service to the Class, a Service Payment to Plaintiff Michael C. Yanchak in the amount of $7,500 is hereby approved. This amount shall be paid in accordance with the terms of the Settlement Agreement.

12. The Settlement Agreement, ¶ 23, contains the following release of claims:

> Upon the Effective Date, and except as to such rights or claims as
> may be created by this Stipulation of Settlement, each Class
> Member who has not submitted a valid Request for Exclusion,
> shall be deemed to have, and by operation of the Final Judgment

and Order shall have, fully released and discharged Defendants and each of the Released Parties for and from all Released Claims. In addition, as of the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member who has not submitted a valid Request for Exclusion will be forever barred from commencing, instituting, prosecuting, and obtaining relief on each and every Released Claim against any and all Released Parties.

13. Except as to individuals who submitted valid Requests for Exclusion, the action against Defendants is dismissed with prejudice and without costs (except as provided herein), and the releases specified in Paragraph 23 of the Settlement Agreement are hereby approved and the claims released pursuant to those provisions are released and discharged as of the Effective Date as defined in the Settlement Agreement. In addition, as of the Effective Date, and except as to such rights or claims as may be created by the Settlement Agreement, each Class Member who has not submitted a valid Request for Exclusion will be forever barred from commencing, instituting, prosecuting, and obtaining relief on each and every Released Claim against any and all Released Parties.

14. Without affecting the finality of this order, jurisdiction is hereby retained over this action, the parties, and the Class Members for all matters relating to the action, including (without limitation) the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Final Approval Order.

SO ORDERED,

Dated: October 6, 2016

Mark R. Hornak
United States District Judge

cc: All parties of record.

4